UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERON N. LYNCH,

        Plaintiff,

    v.

ALAMEDA COUNTY; Hon. LARRY GOODMAN, Judge; and Court Operations & Administrative Chief LON RODEKOHR,

        Defendants.
                               /

No. C 08-5424 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Avenal State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

///

**B.     Legal Claims**

Plaintiff contends that the abstract of judgment for his sentence is incorrect in that it requires that he serve his full sentence. He claims that this violates his Eighth and Fourteenth Amendment rights.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Although plaintiff contends he is not "seeking a release" but rather is attempting to hold the courts liable for the alleged error, success in this case would necessarily establish that his sentence is invalid, so the *Heck* doctrine applies to bar these claims. *See Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (applying *Heck* to FTCA claim of negligent miscalculation of sentence); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Bivens* case alleging miscalculation of sentence). The complaint thus fails to state a cognizable claim under § 1983 and must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

Because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," *Heck*, 512 U.S. at 489-90 (footnote omitted), the dismissal will be without

prejudice to plaintiff filing a new case if he succeeds in getting the sentence invalidated by way of state or federal habeas actions or by executive action.

## CONCLUSION

For the foregoing reasons plaintiff's claims are **DISMISSED** without prejudice to asserting them in a new case if a cause of action ever accrues.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 5, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\LYNCH5424.DSM-Heckwpd.wpd

3